The Chancellor.
The action in the Supreme Court was brought for criminal conversation with the plaintiffs wife, and after issue joined, and a venire awarded, the parties, by their attorneys, agreed in writing, that a rule be entered, by consent, to refer the cause to three persons named, who. or any two of them, were to report with all convenient speed. “ so that judgment might be entered thereon at the then next term.” The rule was accordingly entered, and two of the referees, after having heard the proofs and allegations of the parties, reported a sum in favor of the plaintiff, and judgment was entered thereon at the next term according to the consent rule.
Upon this short and plain case, a writ of error is brought, and it is alleged in support of it,
1. That the reference was in a case not within the act, and, consequently, that judgment could not be entered upon the report of the referees.
2. That the report did not warrant the judgment, even if it had been in a case within the act, because it does not appear that all the referees met, and heard the proofs and allegations of the parties.
1. There is no doubt that the case was not within the act, (a) authorizing the court with or without the consent of parties to refer certain causes to referees; but the question is, whether either party can be permitted to allege for error a rule for reference, and a judgment on the report, when the reference and the judgment were in pursuance of his own consent m writing. It was agreed by the parties, by their respective attorneys, that a rule should be entered to refer the cause to three referees, and that they, or any two of them, report with all convenient speed, so that judgment might be entered thereon at the next term. This agreement in writing, subscribed by the attorneys, was acted upon, and carried duly into effect. It is not pretended there was any imposition or collusion in the case. It was an ^agreement made in good faith,, and I think that good faith requires that it should be truly and accurately observed. When the agreement mentioned that judgment might be entered upon the report, it meant a regular technical judgment, as is entered in other cases upon the report of referees. The words are not susceptible of any other meaning, nor ought we to impute any other meaning to the terms, especially when they are used by professional men in the ordinary course of a suit. I am, therefore, of the opinion, that a party to that agreement must be held to be concluded by it, *366 and that he cannot now allege, that the reference and judgment were not warranted by law. I think that it would be establishing a precedent that might be very pernicious in its consequences. There might be. and no doubt were, very good and sufficient reasons in the minds of the parties, for withdrawing from a public trial so painful and distressing an investigation as an action for adultery involves ; and I see no good reason why the agreement of the parties to withdraw the trial from a jury to a more retired examination, before well selected referees, should be discountenanced or rejected.
The doctrine established in analogous cases, appears to warrant the entry of judgment by consent in a case like this, and I am sure that common sense does not revolt at it.
In one of the resolutions of the Court of K. B. in Dormer’s case (6 Co. Rep. 40.) it was stated to be the law, that if twelve jurors be sworn, and one depart, another may be sworn by consent to supply his place, and 34 Edw. III. was referred to. So it was said that if the parties in a real action consent to dispense with the legal qualifications of two of the four electors of the grand assize, it was good ; and the court adopted the maxim, that consensus tollit crrorem; “and divers other cases were put,” says Lord Coke, “ where consent of the parties shall alter the form and course of the law.” So, in Turner v. Barnaby, (12 Mod. 564.) the attorneys of the parties named the jurors to be returned by the sheriff, and being by consent, it was held good ; and the like assent, in a like case, was held valid in 6 /■'. II. (Challenge, 102. cited in Viner, tit. Error, Z. 6. 5.) And in a writ of right, according to Dodderidge, J,, (Palm. Rep. 100.) #the parties may agree that the trial be by twelve common jurors, and not by the grand assize of sixteen jurors, which is the number established by law in that action.
These cases, which I have referred to, are taken principally from the ancient law, and they are all cases in which the consent of parlies was applied to vary the regular and established mode of trial by jury. To take another juror, without necessity, after the twelve have been sworn, or to dispense with the legal qualifications of jurors, or to allow the parties to select the jury, or to reduce the grand assize from sixteen to twelve men, is a stretch of power almost equal to the taking of three referees, instead of the twelve jurors ; yet all those acts have been held good, when done by consent, and that too in ancient times, when the forms of law were adhered to with great strictness, and when the courts were not much disposed to indulge in very liberal and enlightened views of justice.
In Hall v. Mister, (1 Salk. 84.) it is said, that if a rule be made at Nisi Prim, to refer a matter to three of the jury, and that the plaintiff shall have a verdict for his security, the plaintiff may either enter up judgment on the verdict, or have an attachment for not obeying the rule of court, and this was said bv the bar to be the constant practice.
*367 The verdict, under that practice, must have been a mere matter of form, and entered by consent without proof; and yet a judgment is entered upon that verdict, and the plaintiff has his election to enforce the payment of the sum awarded by the three jurors, either by judgment and execution, or by an attach-meat under the rule of reference. Though two of the judges doubted in that case, yet there was no disallowance of the practice. and there is no difference in substance between that case and this. In both cases, the parties take the cause from the jury, and agree to refer it to three men ; and in both cases, a judgment is entered by consent, the better to secure the sum awarded, or reported. The only difference between the cases is, that in the one in Lord Holds time, the parties agree to enter a formal verdict to precede the judgment, and in this case, the parties agree that judgment may be entered upon the report as in other cases of reference. The difference is #merely nominal, and cannot vary the force and efficacy of the assent of the parties.
Vs7e are well warranted, then, under the principles and usages of the English law, to consider the judgment entered upon the report of the referees as valid, and that what otherwise might have been error, is cured, or taken away, by the express agreement.
The late cases in the English courts consider these agreements of the parties, in the progress of a cause, to be highly obligatory, and they will not suffer them to be violated. It lias been repeatedly held, (Wright v. Nutt, 1 Term Rep. 388. Cumden v. Erie, I H. Bl. 21.) that if a party agree that no writ of error shall be brought, he is bound by it, though there be manifest error ; and to bring one would be acting contrary to good faith. “ It is contrary to justice,” said Lord Lough-borough, “ to permit the defendant to proceed in his writ of error, since he has, by his own act and consent, prevented the plaintiff'from pursuing the common course of law.” So, in this case, it is very probable, that the consent of the defendant to a reference, and to have judgment entered upon the report, may have prevented the plaintiff below from going on regularly to a trial, verdict and judgment. It is very possible that the stipulation to have judgment entered upon the report, was the great inducement to the consent to the rule of reference, and this consideration strikingly illustrates the danger of permitting these agreements to be disregarded, and the wisdom and policy of the old rule, of liberally recognizing the healing influence of these acts of consent. When the parties agreed that judgment might be entered on the report, they certainly must have understood each other that the judgment was not, for that cause, to be deemed erroneous.
I am, accordingly, of opinion, that the reference and report, and judgment entered thereon, being all acts founded on consent appearing upon record, are valid.

*368
January 10th.

2. Rut admitting the proceeding to be regular, it is next said, that it does not appear that all the referees met and heard the parties. The answer to that objection is easy and decisive. We are to presume that all the referees met, as nothing appears to gainsay it. The parties appeared before *thc referees, for the report states, that their allegations and proofs were heard, and if all the referees did not assemble, the objection ought to have been raised in the Supreme Court, or been made to appear by affidavit, or a certificate of the referees, on the coining in of the report. No such objection can be raised here, for we can only look to the record, and there no such objection can be found, nor is there any fact to support it; and it probably has no foundation in fact. By the terms of the rule, any two of the referees were competent to report.
The reasons assigned in support of the writ of error are not well founded, and the judgment ought, therefore, to be affirmed.
This being the unanimous opinion of the court, it was thereupon ordered, adjudged and decreed, that the judgment of the Supreme Court, in this cause, be affirmed ; and that the plaintiff in error pay to the defendant in error, for his costs and charges, &c., and that the record be remitted, &c.
Judgment of affirmance, (a)

 1 JV. R h. 516. 36 sess. c. 56. § 2. 2 Rev. Stat. 384. § 39.

 Where the parties in replevin, in a court, of common pleas, agreed in writing to refer the cause to B., to be determined by him, upon legal principles ; and, thereupon, a rule was entered, that the cause be referred to B., to be heard and determined by him, &c., and B. made his report to the court below, on which the court gave judgment; held, that this not being a case referable under the statute, but a mere voluntary submission to the arbitrament of B., it was a discontinuance of the suit, and the court below having no jurisdiction afterwards, the judgment on the report and award, was erroneous. Camp v. Root, 18 Johns. Rep. 22. Hopkins v. Flynn, 7 Cowen, 526. Hopkins v. Banks, Ibid. 650. Denning v. Smith, 2 Wendells Rep. 303. Rathbone v. Lounsbury, Ibid. 595. Curtis v. Staring, 4 Wendell’s Rep. 198. Stafford v. Hesketh, 1 Wendell’s Rep. 71. Clevelund v. Hunter, Ibid. 104. Johnson v. Parmely, ante, 129. Armstrong v. Percy. 5 Wendell's Rep. 535,