## FARRINGTON *vs.* HAMBLIN.

Where an action depending in this court is submitted to *arbitration*, and it is stipulated that *judgment shall be rendered upon the award of the arbitrators with costs, according to the rules and practice of the court*, and an award is made in favor of the plaintiff, upon which judgment is entered *as upon a report of referees*, the defendant is not permitted to question the validity of such judgment, although it is neither a judgment upon a *reference*, nor upon an *award under a submission according to the statute*.

Where, however, in an action of *assumpsit*, the award in such case was for only $37, and the plaintiff taxed costs and signed judgment for the amount of the award and costs, without showing that his claim established at the trial exceeded $200 and was reduced by set-offs, and obtaining the order of the court for costs, the judgment was amended by striking out the award of costs in favor of the plaintiff, and costs were given to the defendant.

It is not competent to arbitrators in such case to *certify* as to the amount of the plaintiff's demands, *proved* or *established* before them ; the facts must be shown by *affidavit*, on motion for costs.

Sept. 4. 　　THE plaintiff commenced a suit by the filing and service of a declaration on a contract for the clearing of land. After the cause was at issue, the parties entered into *arbitration bonds*, reciting the pendency of the suit and that they had agreed to refer and submit the matter in controversy to the award of three individuals, naming them, chosen by the parties, that the matters in difference should be submitted to the arbitrators upon the allegations and proofs of the parties under the pleadings in the cause, and that *judgment should be rendered upon the award of the arbitrators, or of any two of them, with costs, according to the rules and practice of the court.* The arbitrators made an award in favor of the plaintiff for $37. The award, as at first signed and sealed, was simply an award for $37 ; but the plaintiff's attorney procured another award to be signed, in which the demands of the parties are particularly specified, as thus : The plaintiff chopped 39 acres, 2 roods and 19 perches of land, at $6 per acre the contract price, amounting to $237,73 ; from which sum the arbitrators deducted $48,73, because the work was not done as well as the contract required, which left the plaintiff's demand for clearing land $189, to which the arbitrators added $8 for other

services performed by the plaintiff for the defendant, making the whole amount in his favor as proved, to be $197. They then certify that the defendant proved payments and a set-off to the amount of $160, which, deducted from $197, left a balance in favor of the plaintiff of $37. The plaintiff filed the award, and entered judgment thereon as on a report of referees, taxed his costs, and had judgment signed and filed. The defendant moved to set aside the rule for judgment.

*By the Court,* SAVAGE, Ch. J.   This clearly was not a reference under the statute; no rule was entered referring the cause and appointing referees. The arbitrators were not officers of the court, but the judges of the parties' own choosing. The court had no control over them, 1 Johns. 315, 492 ; 9 Cowen, 136 ; and but for the stipulation to enter judgment, the court would not entertain any motion in relation to the subject. But it may be said here as was said in *Yates* v. *Russell,* 17 Johns. R. 465 : the question is whether either party can be permitted to allege for error the entry of a rule for judgment, when that judgment is in pursuance of his own consent in writing, and under his seal. It was there held that the parties were concluded by their agreement, and should not be permitted to allege that the reference and judgment were not warranted by law. The only difference between that case and this is, that there a rule was entered referring the cause, and here there was not : the submission authorized only the entry of the judgment upon the award. In that case, however, as in this, all depended upon the agreement of the parties : that case was not referrible ; the whole proceeding, therefore, would have been irregular but for the maxim *consensus tollit errorem.*   In this case there might have been a long account, but there was no rule to refer ; and the rule for judgment is sustained by the same maxim which sustained the rules in that case. I am therefore of opinion that the judgment, being founded upon the consent of the defendant appearing upon the record, is valid.

It further appears, that the plaintiff has taxed his costs and caused a judgment roll, including his costs, to be signed and filed. In this the plaintiff's attorney has proceeded erro-

ALBANY,
Sept. 1834.

Farrington
v.
Hamblin.

neously.  He states in his own affidavit that it was the inten-
tion of the parties that the award of the arbitrators should have
the effect of the verdict of the jury.  Suppose he had re-
covered a *verdict* of $37 at the circuit, he surely would not
have entered his judgment for costs as matter of course.  The
verdict being less than $50, *prima facie* the defendant would
be entitled to costs, 2 R. S. 614, § 8, 9, 16 ; and the plaintiff
could recover costs only by presenting to this court, on a spe-
cial motion, the facts entitling him to costs.  Those facts are,
*that his claim, as established at the trial, exceeded* $200, *and the
same was reduced by set-offs ;* or that the debts, demands and
accounts of both parties, established on the trial, exceeded
$400.   I am of opinion that the submission brings the ques-
tion of costs fairly before the court ; it is, " That judgment
shall be rendered in the supreme court, upon the final award,
arbitrament and determination of the arbitrators, or any two
of them, *with costs, according to the rules and practice of the
court.*"   The plaintiff should have costs, if he would have
been entitled to them upon a verdict for $37 ; but if not, then
the defendant is entitled to full costs.   The arbitrators have
stated that the amount of the plaintiff's demand, as proved
before them, amounted to the sum of $245,23.   Upon
this, it is proper to remark, that the amount proved was no
part of the award, nor was it the duty of the arbitrators to
set it forth ; they were to ascertain the amount due, and it
was no more proper for them than it would be for a jury to
state the evidence before them.   The impropriety of doing so
appears from the fact, that where two of them go into details,
they falsify the assertion in the award, and show that though
the plaintiff's demand, as *proved*, may have amounted to
$245, yet the plaintiff's claim, "*established at the trial*,"
amounted to only $197.  It appears, therefore, that the de-
fendant is entitled to costs, and his motion must be granted so
far as to strike out the award of costs in favor of the plain-
tiff, and to insert an award of costs in favor of the defendant,
when they shall have been taxed.   The residue of the motion
is denied, without costs to either party.