Cowes', J.
agreed, and said the only question fairly arising in the cas.e was as to the regularity of the judgment.
On this question the counsel cited Farrington v. Hamblin, (12 Wend. 212;) Yates v. Russell, (17 John. R. 461, 465.)
By the Court, Cowen, J. If a party will confess a judgment upon an award or any other instrument, or will authorize another to do so in his name, I know of nothing either in the common or statute law to disable him. Judgments are every day entered on warrants of attorney without special motion, and the stipulation in this instrument of submission is the same thing as if it had expressly authorized the entry of judgment by an attorney. It is virtually saying to the plaintiff, “ if the award he against me, I waive my right to insist on a special motion.” The statute requiring that step was for the defendant’s benefit; and he might, therefore, waive it. An agreement to arbitrate discontinues a cause. Yet the defendant may confess judgment upon the award; and shall not then be heard to allege irregularity. Consent that judgment should be entered was held to bind him in Yates v. Russell, (17 John. 461,) and Farrington v. Hamblin, (12 Wend. 212.) These cases were no more than the present—a consent that judgment should follow the award. This consent derived no strength from the fact that suits had been brought; for the proceeding was out of the cause. Such consent is an authority to do whatever is necessary to effect the object of the stipulation ; among other things, to appear for the defendant, or retain an attorney to appear for him. He thus gives jurisdiction over his person without formal process ; and the court already has, by law, jurisdiction of the subject matter. I am aware of no rule disabling a man to provide that judgment may be entered on a cause of action to arise in futuro, any more than upon a cause subsisting at the time.
Again, the plaintiff is authorized to take his judgment by the *553 defendant’s own agreement, who should therefore be holden estopped to question it. He has led the plaintiff to rely on a judgment of course, and the latter maybe injured, indeed must be to a certain extent, if we set the judgment aside. The cases I have cited therefore held the defendants to the judgment on the ground of estoppel, among other grounds. This was especially adverted to in Yates v. Russell.
I am aware that another statute has manifested some degree of jealousy against summary confessions of judgment, by requiring that the warrant should be on a separate sheet; (1 R. L. 501, § 5 ; 2 R. S. 283, § 10, 2d ed. ;) but this proceeding is not questioned upon that statute, nor was it deemed applicable in the cases cited. The case is not one of a general warrant of attorney, but comes under the head of arbitration and judgment—a statute mode of determining controversies with the same effect as an ordinary suit. Strictly,it must be carried on in a prescribed form; among others, a motion in court. So in ordinary suits, certain formalities are necessary ; but the defendant may waive any of them, even the most important, a trial for instance ; and, by himself or another duly authorized, consent to the judgment in a form less cautious. No rule of general policy forbids it more in the amicable suit by arbitration. than in any other,
Motion denied.