## Doughty vs. Hope.

The *estimate and assessment* for a public improvement in the city of New-York, by a just construction of the statute, should be made by the commissioners before the execution of the work.

But this is only directory ; and if the improvement be made before the estimate and assessment, it will not prejudice the title of a purchaser under a sale for non-payment of the assessment.

Since the decision of the case of *Striker* v. *Kelly*, ( 7 *Hill*, 9,) the former practice of requiring a party, before bringing error from an order confirming the report of the commissioners of estimate and assessment, to sue out a *certiorari* to the justices as commissioners, is not followed—the order of confirmation being now considered the act of the court, and not of statute commissioners. *Per* BRONSON, C. J.

Though the report of the estimate and assessment be signed by only two of the commissioners, yet, where nothing appears to the contrary, it will be presumed that all met and consulted. *Per* BRONSON, C. J.

Whether the warrant for the collection of an assessment against the owner of property assessed, can legally direct the collection to be made of him *or the occupant*, QUERE.

But if such a warrant would be void as respects the occupant, it would still be valid against the owner ; and the illegal direction would not prejudice the title of a purchaser of land sold for non-payment of the assessment.

EJECTMENT for a lot in the 12th ward of the city of New-York, tried before EDMONDS, C. Judge, in May, 1845. The plaintiff claimed to recover under a lease from the corporation of the city of New-York, conveying to him a term of 800 years in the land, on a sale for the non-payment of an assessment for setting the curb and gutter stones in 125th street, between the 3d and 4th avenues. The ordinance for setting the curb and gutter stones was passed in April, 1836; and by the same ordinance, Messrs. Warner, Gaines and Secor were appointed to make an estimate of the expense of conforming to the ordinance, and a just and equitable assessment thereof among the owners or occupants of all the houses and lots to be benefited thereby, &c. On the 8th of January, 1837, all of the assessors took and subscribed the proper oath before the mayor. The estimate and assessment was made and returned in September following ; but

was signed by only two of the assessors, Warner and Gaines. It was proved that all three of the assessors were together in the office of the street commissioner, and settled the principle on which the assessment was to be made. The witness also testified that all of the assessors were in the office at the time the assessment was made. Why the third one, Secor, did not sign the estimate and assessment, did not appear.

In their report the assessors stated, among other things, that they estimated the expense of conforming to the ordinance at the sum of $2889,48, as follows, that is to say :

| | |
|---|---|
| Contract, . . . . . | $2795,54 |
| Surveying, . . . . . | 65,98 |
| Advertising, . . . . . | 3,00 |
| Collecting, . . . . . | 24,96 |
| | $2889,48 |

One of the assessors testified that the statement of expense was not made up until after the contract was made. Isaac Adriance is the owner in fee of the lot in question; and he was assessed by name, on account of the lot, $150,83. The defendant is in possession of the lot, as the tenant of Adriance, for a term of 30 years, which commenced August 1, 1837.

The estimate and assessment were confirmed by the common council on the 4th of April, 1838. On the 27th of June following, the mayor and four of the aldermen of the city, issued their warrant for the collection of the unpaid assessments on account of this improvement. A list or return of delinquents was annexed to the warrant, which stated, among other things, the assessment of Adriance for the lot in question. The warrant required the collector to demand and receive "from the several persons named in the annexed list or return, *or who may occupy the premises*, the sums of money set opposite to their names," &c.; and in case of neglect or refusal to pay, the collector was commanded to levy the money "by distress and sale of the goods and chattels of the persons so assessed, and named in said annexed list, *or those who may occupy the premises*, and neglecting or refusing to pay the same." The assessment upon

Doughty v. Hope.

Adriance was not collected, and the corporation advertised and sold the lot in question to pay the tax. The sale was made the 20th of June, 1840; and the lease to the plaintiff as the purchaser, for the term of 800 years, was executed on the 20th of June, 1842.

The judge held the plaintiff's title bad, on the following grounds:—

1. The estimate and assessment were not made until after the improvement was made, whereas the estimate and assessment should have preceded the doing of the work.

2. The assessment was made by only two of the three assessors, and the statute does not provide that a majority may act.

3. By the statute, the assessment is to be made upon the owner or occupant. The assessors should select either the one or the other, and the warrant should be against the person thus selected; whereas the warrant issued in this case was against the owner, naming him, *or those who may occupy* the premises. In this way an assessment might be collected from one who was not an occupant at the time the assessment was made.

The judge directed the jury to find a verdict for the defendant. The plaintiff moves for a new trial on a bill of exceptions.

*A. Thompson*, for the plaintiff.

*R. Mott*, for the defendant.

*By the Court*, BRONSON, Ch. J. The judge was right in holding, that the estimate and assessment, in such cases, should be made before the work is done. It is difficult to give any other construction to the statute. (2 *R. L.* 407, § 175, 176.) A suggestion was thrown out by the late chief justice, in *Elmendorf* v. *The Mayor of N. Y.*, (25 *Wend.* 696,) that the assessment might be made after the work had been done. But the point was not decided; and I do not see how a distinction can well be made, as to time, between the estimate and the assess-

ment.   As I read the statute, both should precede the making of the improvement.

But the question remains, whether this objection is fatal to the proceedings.   The charter of the city of New-York provides, that when a vote is taken in the common council upon a resolution involving a tax or assessment upon the citizens, the ayes and noes shall be called.   In *Striker* v. *Kelly*, (7 *Hill*, 9,) the court held, against my opinion, (*p.* 29,) that this provision was merely directory; and that the ordinance under which the plaintiff's land had been assessed and sold, was well passed, although the ayes and noes were not called.   That is a stronger case than the one at bar.   There, the mode in which the common council should have acted, was pointed out in express terms; while here, it can only be made out by construction. And the calling of the ayes and noes was likely to be much more important to land owners, than was the time when an estimate and assessment should be made.   Although the judgment in *Striker* v. *Kelly* has been reversed,(*a*) the reversal, as we understand, went upon another ground, and left this question untouched.   That case is, therefore, an authority for holding that, as to time, the statute under consideration is only directory, and need not be strictly followed.

We have before followed the decision in *Striker* v. *Kelly*, upon another point, notwithstanding the reversal.   In that case a majority of the members of this court rejected the doctrine, which had long prevailed, that in the New-York street cases we did not act as a court, but as commissioners.   And as the court of errors had left that branch of the decision untouched, we held at the last February special term, that when a party wishes to bring error in a street case, it is no longer either necessary or proper to pursue the former practice of issuing a *certiorari* to the justices of this court as commissioners; (*see* 7 *Hill*, 27 ;) but that a writ of error, if error will lie, should be sued out, without a *certiorari*, as in other cases.

The next question arises upon the fact that only two of the assessors signed the estimate and assessment; and the statute

(*a*) 2 *Denio*, 323.

Doughty *v.* Hope.

contains no provision that a majority may act. The rule in such cases is, that where all meet and consult, a majority may decide, unless the statute otherwise directs. (*Ex parte Rogers,* 7 *Cowen,* 526 ; *Babcock* v. *Lamb,* 1 *id.* 238 ; *Crocker* v. *Crane,* 21 *Wend.* 211 ; *Woolsey* v. *Tompkins,* 23 *id.* 324.) This rule of the common law has now passed into a statute. (2 *R. S.* 555, § 27.) When nothing appears to the contrary, it may be presumed that the person or officer who did not sign the proceedings met and consulted with those who did sign. (*Yates* v. *Russell,* 17 *John.* 461, 468 ; *McCoy* v. *Curtice,* 9 *Wend.* 17 ; *Downing* v. *Rugar,* 21 *id.* 178.) In addition to this presumption, it was proved that all of the assessors took the oath of office ; and as I understand the case, all were together, and settled the principle on which the assessment should be made. The witness adds, that all of the assessors were in the street commissioners' office at the time the assessment was made. If there was any room for doubt upon the point that all met and consulted, there was clearly evidence enough to carry the cause to the jury ; and this without the aid of any presumption on the subject.

The only remaining question is upon the warrant. The sale of the land was not made under the warrant. That process issues for the purpose of collecting the assessment from goods and chattels, without resorting to the land. (§ 175, *and Statutes of* 1816, *p.* 113, §§ 1, 2.) The assessment in this case was against the owner by name ; and the warrant directed the officer to collect the money from him. Thus far all was right. But the warrant went further, and directed the officer to levy the money by distress and sale of the goods of the owner, *or occupant.* Now if it be conceded that the process was void so far as related to the occupant, I see no reason why it was not good as against the owner of the land. It may well be that a levy upon the goods of a third person would have been a trespass, and yet the warrant may be perfectly good as against the person who was assessed, and against whom by name the process was issued. We think the verdict must be set aside.

New trial granted.