### KEELER *vs.* FROST and WORDEN.

Where the assessment of a school tax was made by two trustees, in the absence of the third, after which the two made out and signed a warrant for the collection of the tax, which was then carried by one of them to the third trustee, who also signed it; *Held* that the assessment was void, and that the trustees were trespassers in issuing the warrant and seizing and selling property upon it.

One of three trustees cannot delegate his authority to the other two, to make an assessment or apportionment. Neither can he, after they have made it, ratify and adopt the assessment by indorsing his approval, in the absence of the others.

APPEAL from the judgment of a county court, reversing the judgment of a justice. The assessment of a school tax was made by two trustees, the third trustee not being present. After the two had made the assessment, and made out the warrant and signed it, the warrant was carried by one of them to the third trustee, and he signed it. The plaintiff's property being seized and sold upon the warrant thus issued, he brought an action against two of the trustees for the trespass. He recovered a judgment before the justice, which was reversed on appeal to the county court.

*By the Court,* MASON, J. The county court erred in holding this a valid assessment. It was made by two of the trustees, the third not meeting with them and not being notified. The statute requires the trustees to apportion the tax. (*Laws of* 1847, *ch.* 480, *p.* 701, § 85.) The common law doctrine is, that when a power, authority or duty is confided by law to three or more persons, or whenever three or more persons or officers are authorized or required by law to perform any act, such act may be done, and such power, authority or duty may be exercised and performed, by a majority of such persons or officers, upon a meeting of all the persons or officers so intrusted or empowered, unless special provision is otherwise made. (4 *Denio,* 125. 21 *Wend.* 211. 23 *id.* 324. 7 *Cowen,* 526. 1 *id.* 238. 3 *Denio,* 252, 253. 1 *Bos. & Pul.* 236. 3 *T. R.* 592. 6 *John.* 41. 7 *Cowen,* 526.) This rule of the common law has, in this state, become the statute law. (2 *R. S.* 555,

Keeler *v.* Frost.

§ 27.) Where nothing is shown to the contrary, it will be presumed that all the trustees met and consulted in doing the act. (17 *John.* 461, 468. 9 *Wend.* 17. 21 *id.* 178. 3 *Denio,* 253.) In the case under consideration, it is expressly shown that Worden did not meet with the other two trustees when the apportionment and assessment of this tax was made. Nor was he notified of their meeting for that purpose. The fact, if admitted, that he signed the warrant, does not relieve the case in any respect. The statute and common law both require the apportionment to be made upon the joint consultation of all the trustees, and not that the warrant shall be signed by all. (*Fulsom* v. *Streeter,* 24 *Wend.* 270. *Douning* v. *Ruger,* 21 *id.* 182. 9 *id.* 19. 17 *John.* 461. 23 *Wend.* 324.) The county court seems to have placed the case upon the distinct ground that, as Worden's name was afterwards signed to the warrant, this must be deemed an approval and ratification of the apportionment made by the other two. The error which the county court committed in this respect, consists in applying the rule of principal and agent to these officers. Worden could not delegate his authority to the other two trustees to make the assessment. Neither could he, after they had made it, ratify and adopt the assessment or apportionment by indorsing his approval, in the absence of the others. The authority which the trustees are required to administer, in apportioning this tax, involves the exercise of judgment and discretion,—a power which cannot be delegated. (*Powell* v. *Tuttle,* 3 *Comst.* 396.)

It follows, therefore, that this assessment was wholly illegal, and the defendants were in fact trespassers in issuing their warrant and seizing and selling the plaintiff's property. The judgment of the county court must be reversed, and that of the justice affirmed.

[DELAWARE GENERAL TERM, July 8, 1856. *Gray, Shankland* and *Mason,* Justices.]