## SUPREME COURT.

### MALLORY agt. LEACH.

In an action on a *judgment* obtained in another state for damages in an action *on the case for fraud*, the defendant, though a non-resident, cannot be *arrested*.

The original cause of action being *merged in and extinguished by the judgment*, and the judgment, which is the ground of the action, being *an express contract of record*, neither subdivision 1 or 4 (nor any other subdivision) of § 179 of the Code authorizes the defendant's arrest.

The plaintiff cannot go behind the judgment, which is of the same effect as to a merger of the cause of action as a judgment in this state, and base his claim upon the original cause of action to uphold an order of arrest. (*This agrees with and follows the case of Goodrich, agt. Dunbar,* 17 *Barb.,* 644, *and seems to be adverse to the case of Arthurton agt. Dalley,* 20 *How.,* 311.)

—— *Special Term, July,* 1862.

MOTION to vacate order of arrest.

BURDICK & BETTS, *for plaintiff.*
ALEMBERT POND, *for defendant.*

BOCKES, Justice. On the 3d February, 1862, the plaintiff recovered a judgment against the defendant, in the state of Vermont, in an action on the case *for fraud*, for $1,134. 29 for damages and costs. Thereupon he commenced an action in this state, on the judgment, and obtained an order of arrest against the defendant, under which he was held to bail. The affidavit on which the order was granted states

the recovery of the judgment in Vermont, for fraud, and that the defendant is a non-resident of this state. It is further stated, that " the cause of action now existing in favor of said plaintiff against said Leach, does not arise upon contract, but upon the judgment so obtained in Vermont as aforesaid, and the facts adjudicated by said judg- ment." A motion is now made to vacate the order of arrest.

It is insisted that the order is not authorized by section 179 of the Code of Procedure. This section contains ·five subdivisions, stating in what cases and under what circum- stances the defendant may be arrested ; but it is unneces- sary to notice the second, third and fifth, for the reason that the order is admittedly unsupported, unless authorized either by the first or fourth subdivision of that section.

The 1st subdivision provides for an arrest of the defend- ant in an action for the recovery of damages on a cause of action not arising out of contract, where the defendant is not a resident of the state, &c. It is shown ·here that the defendant is not a resident of the state ; and the question under this subdivision is, whether this action on the judg- ment is to be deemed " an action for the recovery of dam- ages on a cause of action not arising out of contract."

The action is on the judgment. The affidavit, it is true, states in terms that the cause of action does not arise upon contract, but it adds, that the action is " upon the judg- ment so obtained in Vermont as aforesaid, and the facts adjudicated by said judgment." Thus the affidavit shows that this action is an action on judgment, and the case must be so treated. Indeed, it must be on judgment, or no cause of action is shown, inasmuch as it could not be main- tained on the original ground of action. That is merged in and extinguished by the judgment. (17 *Barb.*, 644-6 ; 21 *Wend.*, 341, 342 ; 4 *Coms.*, 519 ; 1 *Hill*, 482 ; 18 *N. Y. R.*, 470, 471.) The terms employed in these cases are, " *merged* " and " *extinguished.*" If a judgment be recov-

ered on a note, no action can afterwards be maintained on it, so long as the judgment remains unreversed and in full force and effect. So of any other cause or ground of action inferior in degree to the judgment. (3 *Denio*, 249 ; 5 *Hill*, 82–93.) And it was held in *Besley* agt. *Palmer*, (1 *Hill*, 482,) that the judgment of a court of a neighboring state is no less effectual in extinguishing the demand on which it was rendered, than the judgment of a court strictly domestic.

If, therefore, *the fraud*, which was the original cause of action, is merged in the judgment and is *extinguished* by it, then we must look to the judgment as the cause or ground of the present action. It is therefore the judgment which is the cause of action. The party must count on the judgment—on the adjudication of the court. He cannot count on the fraud. It is the adjudication which gives him his right of action, and he recovers on due proof of the judgment. But a judgment is an express contract of record. Blackstone says it is a contract of the highest nature. (2 *Bl. Com.*, 465 ; *Story on Cont.*, *sec.* 2.) So an action on judgment is an action arising on contract. (2 *Sand.*, 402.) This rests on the principle that the law implies a promise by every one to ratify whatever the law of the land orders or directs him to pay. (3 *Caines*, 22, 29, 32.)

The plaintiff's attorney very properly treated it as an action on contract, and framed his summons accordingly, by demanding judgment for a specific sum, rather than for relief as in an action for a tort. The old form of action on judgment was in debt, and while the form is abolished the substance remains. In such case the action is to recover a debt—a sum determinate and due. (2 *Hill*, 220.) Thus we find that the action is on contract ; and by subdivision 1 of section 179, a defendant cannot be arrested except in an action for the recovery of damages on a cause of action *not arising out of contract.*

Inasmuch as this is a question of personal right, as dis-

tinguished from the rights of property, the law must have a strict construction. In order to an arrest under subdivision 1, the action must be in tort, as distinguished from an action on contract. This is the plain meaning of the language employed. The action must be for the recovery of *damages*—a term inappropriate when applied to the principal recovery in an action of debt; but usual and appropriate when applied to actions in tort.

I am aware that it has been said in some cases, that a judgment was not an agreement between the parties. (1 *Cow.*, 316 ; 16 *Wend.*, 441.) Still, in law an action on judgment has always been deemed an action on contract in the classification of actions, and those remedies and proceedings adopted which were incident to that class. And if in law even, the action is on contract, an order of arrest therein is unauthorized under subdivision 1 ; for the right to the order under this subdivision is made to depend on the nature of the action.

I am referred to *Arthurton* agt. *Dalley*, (20 *How.*, 311,) as an authority showing that in an action on judgment a party may go behind the record to the cause of action upon which it was founded, for the purpose of obtaining and upholding an order of arrest. This ruling was quite unnecessary to the case, as it was there held that the suit was based on the original transaction ; that the party was not concluded by the judgment, inasmuch as it was a *foreign* judgment, but had a right to count, *and did count*, on the original cause of action. Judge HOGEBOOM says in effect, that it is clear that the plaintiff designed to prosecute upon the original transaction. He adds : " Moreover, the foreign judgment is not conclusive between the parties. It must be sued in an action of assumpsit, and at least when sued on by the plaintiff, is open to all equitable defences which the opposite party may interpose. Not being an absolute estoppel upon the defendant, it cannot be so upon the plaintiff ; for estoppels must be mutual. Hence there is nothing

in the character of the judgment which prevents the party from going back to the original cause of action. It is held that as to foreign judgments, the party has his election either to sue upon the judgment or upon the original cause of action." What the learned judge saw fit further to say on this point was unnecessary to the decision of the case, and wholly *obiter*. It is, too, in direct conflict with the decision in *Goodrich* agt. *Dunbar*, (17 *Barb.*, 644,) where the question was directly up, and very carefully considered by the court at general term. It was there held, in accordance with my conclusions above expressed, that the judgment, counted on being a judgment of a sister state, not a foreign judgment, merged and extinguished the original cause of action, and thereafter an action could only be sustained on the judgment. Judge MITCHELL likened it to an acceptance of a higher security, which would merge the inferior, unless taken as collateral. Hence he held that the action was debt on judgment ; that the judgment was the cause of action ; and therefore that the ground of action could not be deemed to be for money received in a fiduciary capacity, which, being the original cause of action, was merged in and extinguished by the judgment. It followed, consequently, that the defendant was not liable to arrest in the action on the judgment.

Were the facts in *Arthurton* agt. *Dalley* the same as in *Goodrich* agt. *Dunbar*, I should be compelled to express my judgment in accordance with the decision in the latter case. The reasoning of Judge MITCHELL is, to my mind, conclusive, and his argument is fully supported by authority. No allusion is made to this case by the learned judge who wrote the opinion in *Arthurton* agt. *Dalley*, and I think the part of the opinion, which I regard as *obiter*, was written without that careful consideration which usually characterizes the decisions of that able and critical jurist. I think he did not give due force to the fact that the right to arrest under subdivision 2, is made to depend on the *nature*

of the action in which a recovery is claimed, rather than on facts and circumstances raising a pre-existing duty or obligation.

It seems settled on principle and authority, that a judgment recovered in an action on the case for fraud, merges and extinguishes the original ground of action, and that an action on such judgment is an action on contract. This being so, it is very clear that the defendant cannot be arrested under subdivision 1 of section 179, which, like subdivisions 2 and 3, puts the right to arrest on the *nature* or *kind* of action ; that is, in order to authorize an arrest under subdivision 1, the action must be for the recovery of damages on a cause of action *not* arising out of contract. But a suit on judgment is to recover a debt, a fixed and determinate sum, and the cause of action is the judgment, which is a contract of the highest nature ; hence it arises out of contract. My conclusion is, that the defendant is not liable to arrest under subdivision 1 of section 179:

*Secondly.*—On the facts stated, is the order of arrest authorized by subdivision 4 of section 179 ? This subdivision authorizes an arrest " when the defendant has been guilty of a fraud in contracting the debt, or incurring the obligation for which the action is brought," &c. We have seen that the judgment is the debt or obligation for which the action is brought. It was said in *The Merchants' Bank* agt. *Dwight*, (13 *How.*, 366, 370,) that where a defendant is sued in an action on contract to recover a debt or a sum which he has obligated himself to pay, the Code does not authorize an arrest because the defendant was guilty of a fraud in incurring a prior and different obligation to pay the same money. The same view was suggested by Judge MITCHELL, in *Goodrich* agt. *Dunbar*, (17 *Barb.*, 647.) He says : " If the plaintiffs had accepted a bond alone, or a bond and mortgage for their debt, they could not have sued for the original cause of action, nor held the defendant to bail." The decision in *The Alliance Ins. Co.* agt.

*Cleveland,* (14 *How.*, 408,) is to the same effect. In that case the defendant was liable to arrest for money received in a fiduciary capacity. For such money the plaintiff took his check and acceptance. The court held that this had the effect to change the character of the plaintiff's claim. Judge HARRIS remarked, that the tortious character of the transaction was merged in the new contract between the parties, and that the defendant ceased to be liable to imprisonment.

It is suggested that in the cases above cited, the change of the claim from tort to contract was voluntary, and that the recovery of judgment would not, for that reason, produce the same consequences. But it was held, in *Goodrich* agt. *Dunbar*, (17 *Barb.*, 644, *see on page* 647,) that the obtaining of a judgment on the original cause of action was as much a voluntary act, as regards the plaintiff, as the acceptance of a bond or note, and consequently was equivalent, in its legal effect upon the right to arrest, to the taking and accepting a contract security therefor. If this be so, the defendant cannot be arrested under subdivison 4; for in this view there was no fraud in contracting the debt or incurring the obligation for which the action is brought. The authorities cited seem very conclusive on this point, and are firmly based on principle.

But it is insisted that even if this were an action on the case for fraud, then that it would not fall within the purview of subdivision 4; that such subdivision does not contemplate a case in which fraud constitutes the gist of the action. On the authorities, I must so hold. The case of *Crandall* agt. *Bryan*, (15 *How.*, 48,) is the other way, but that is overruled by *McGovern* agt. *Payn*, (32 *Barb.*, 83,) which is a general term decision. To the same effect is the decision in *Smith* agt. *Corbin*, (3 *Bosw.*, 634.) Subdivision 4 is very nearly a literal transcript from the nonimprisonment act of 1831, (*sub.* 4 *of act of* 1831.) It was

originally drawn with a view to its application to actions
on contract only, and was evidently introduced into the
Code with the same design.

It was remarked on argument, that this construction and
application of subdivision 4 would raise a discrimination
in favor of actions for fraud, over many others of infinitely
less culpability, in which arrests were permitted. This
suggestion struck me as one of much force. Still it must
not be allowed to prevail against the obvious spirit and
clear purport of the statute. Exemption from imprison-
ment is now the rule, and cases in which arrests are per-
mitted are exceptional. It will be found, on examination,
that the other subdivisions of section 179 (other than sub-
division 4) were intended to cover all actions not arising
out of contract, in which it was deemed proper to permit
the arrest of parties—leaving subdivision 4 to have sole
application to actions on contract, according to its original
purpose in the non-imprisonment act of 1831. Subdivision
1 embraces actions for fraud, among the others therein spe-
cified. Under this subdivision a defendant in an action on
the case for fraud may be arrested, if it be shown that he
is not a resident of the state, or that he is about to remove
therefrom. True, it is unnecessary to show that the de-
fendant is a non-resident, or that he is about to depart the
state, in case the action be for an injury to person or cha-
racter, or for injuring or wrongfully taking, detaining or
converting property. In those cases the defendant may be
arrested as a matter of course, on proof by affidavit of the
cause of action simply. Why the legislature discriminated
in favor of actions for fraud, and made them favorites in
law, to some extent, over actions for assault and battery,
slander, libel, trespass, trover, and many others mentioned
in subdivision 2, is not obvious. But so it is written.
Thus we find that a defendant in an action for fraud may
be arrested under subdivision 1, in case it be shown that

Mallory agt. Leach.

he is not a resident of the state, or is about to remove therefrom. If there had been an intention to authorize an arrest in all cases where fraud was the gist of action, it doubtless would have been so expressed in this subdivision, where the subject of arrest in that class of cases was considered. Such intention would not have been left, I think, to be deduced by construction under another subdivision, which it must be admitted has general if not exclusive application to an entirely different class of actions. I am entirely satisfied that an order of arrest is not authorized by subdivision 4, in an action on the case for fraud. Section 4 has reference to actions on contract, in which the contract is the gist of action, and fraud in contracting the debt or incurring the obligation is the ground of arrest. As was held in *McGovern* agt. *Payn*, the section obviously contemplates that the debt or obligation should be of that character, that the suit might be brought on it even if unaccompanied by fraud in contracting it. In no view of the case can the order of arrest be sustained.

My conclusions in this case, briefly stated, are these: that the order of arrest cannot be upheld under subdivision 1, for the reason that the action is on the judgment; hence in law is an action on contract; nor can it be upheld under subdivision 4, inasmuch as that subdivision is applicable only to actions on contracts induced by fraud. I have arrived at these conclusions in this case, against my inclination and wishes, and they are contrary to the impressions entertained by me on the hearing of the motion. But they seem to be the necessary deductions from well settled rules and principles of law. I cannot refrain from expressing my regret that the law will not permit the enforcement of the plaintiff's demand by an application of the severest remedies ever adopted in civil actions. But the law must be observed, and if, in pursuing the remedies it affords, it prove less effectual than we could wish in a particular case,

still it can be administered only in the way provided by the sovereign power ; and if no extraordinary remedies are given to the party, he must be confined to those which are clearly sanctioned and ordinarily pursued.

The motion to vacate the order of arrest must be granted, but it must be without costs of motion.