Goodsell *v.* Phillips.

[NEW YORK SPECIAL TERM, February 4, 1867. *Leonard*, Justice.]

GOODSELL *vs.* PHILLIPS.

A party cannot enter a judgment upon an award in his favor, unless the submission, pursuant to which it was made, be in conformity with the statute respecting arbitrations. Nor can any judgment be entered on an award, under the statute, until the *submission* be proved by the affidavit of a subscribing witness thereto.

If there is no subscribing witness to the submission, so that the plaintiff cannot comply with the requirement of the statute, he is not entitled to a judgment upon the award.

And if the plaintiff applies for judgment upon the award without notice to the defendant, the latter will not waive the objection that the submission was not proved by the affidavit of a subscribing witness, by not opposing such application.

Nor will he waive the objection by taking part in the proceedings before the arbitrators, knowing that there is no subscribing witness to the submission; nor by omitting to move to vacate, modify or correct the award.

APPEAL by the plaintiff from an order made at the Broome special term, in October, 1866, setting aside a judgment entered in his favor, against the defendant, and the execution issued thereon.

The judgment in question, was entered on an award of arbitrators for $176.79, besides interest and costs, dated February 13, 1866. The submission of the matters in dispute between the parties to arbitrators was dated January 26, 1866. It was signed and sealed by the parties, and a five cent revenue stamp affixed thereto, but there was no sub-

scribing witness.   Two arbitrators were named in the sub-mission, and it was provided therein that the party in whose favor an award should be made might enter a judgment against the other, as of the Supreme Court, the same as upon the report of a referee, with like costs to be taxed ; and the arbitrators were required to make their decision in writing, within ten days after the submission to them.   The submis-sion also contained provisions for the appointment of a third arbitrator, and for proceedings to be had thereafter, in case the two named in the submission should not agree.

At a special term of the court, held June 19, 1866, the plaintiff Goodsell, upon proof of the execution of the submis-sion by the parties, and proof of the making and service of an award, and that a term of court had been held since the date of the publication of the award, at which the defendant could have made application, upon notice to the plaintiff, to vacate, modify or correct the award, in case he intended so to do, obtained an order, without notice to the defendant, for judgment against the latter upon the award ; and in pursu-ance of such order the plaintiff entered the judgment in ques-tion.   This judgment the defendant afterwards moved to set aside, which motion was granted, and the plaintiff now appealed.

*J. J. Van Allen*, for the motion.

*J. McGuire*, opposed.

*By the Court*, BALCOM, J.   The plaintiff was not entitled to enter a judgment against the defendant, upon the award, unless the statute authorized him to do it.   A party can confess a judgment, which may be entered without action, provided he complies with the provisions of the Code of Pro-cedure on the subject.   (*See Code*, §§ 382 *to* 384.)   A party cannot enter a judgment upon an award in his favor, unless the submission, pursuant to which it was made, be in con-

Goodsell *v.* Phillips.

formity with the statute respecting arbitrations. When parties, by an instrument in writing, submit matters in dispute to the decision of arbitrators, they "may, in such submission, agree that a judgment of any court of law and of record, to be designated in such instrument, shall be rendered upon the award made pursuant to such submission." (3 *R. S. 5th ed.* 855, § 1.) But to entitle any award to be enforced by the entry of judgment thereon pursuant to the statutes on the subject, it must be in writing, subscribed by the arbitrators making the same, and attested by a subscribing witness. (*Id.* 856, § 8.) And no judgment can be entered on such award, under the statute, until the *submission,* pursuant to which it was made, be proved "by the affidavit of a subscribing witness thereto." (*Id.* 856, § 9.) The statute is, "upon such submission being proved by the affidavit of a subscribing witness thereto, and upon the award made in pursuance thereof being proved in like manner, or by the affidavit of the arbitrators, within one year after the making of the same, the court designated in such submission shall, by rule in open court, confirm such award, unless the same be vacated or modified, or a decision thereon be postponed, as herein provided." (*Id.* § 9.) "Upon such award being confirmed or modified, the court shall render judgment in favor of the party to whom any sum of money or damages shall have been awarded, that he recover the same," &c. (*Id.* 857, § 14.) The submission in this case was not proved by the affidavit of a subscribing witness thereto; for there was no subscribing witness to it. The plaintiff could not comply with the statute respecting the proof of the submission, and did therefore not make a case that authorized the court to give him a judgment upon the award. The rule is, that the requirements of the statute must be strictly complied with, to entitle a party to enter a judgment on an award without action. (*Hollenbeck* v. *Fleming,* 6 *Hill,* 303.)

But it is claimed, by the plaintiff's counsel, that the defendant waived proof of the submission by the affidavit of a

subscribing witness, by taking part in the proceedings before the two arbitrators named in the submission, knowing there was no subscribing witness to it ; and by not moving to vacate, modify or correct the award, as he might have done. This position is untenable ; for an award might have been made, under the submission, that could have been enforced by action; and the defendant may have omitted to make such a motion under the belief that the award was valid, though no judgment could be recovered on it except by action. If he had had notice of the application for judgment upon the award, and had failed to object to a judgment being rendered on it, against him, on the ground that there was no subscribing witness to the submission, &c. it is probable he would have waived that objection, so that a judgment against him could not have been reversed. (*See Hollenbeck* v. *Fleming, supra.*) But he did not have any notice of the application to the court for judgment on the award, and therefore did not waive the objection that the submission was not proved by the affidavit of a subscribing witness thereto, by not opposing such application.

The plaintiff's counsel relies on the decisions in 12 *Wendell*, 212, and in *Hughes* v. *Bywater*, (4 *Hill*, 551,) as sustaining the regularity of the judgment in this case. But those decisions were made when judgments could be entered on warrants of attorney, without special motion, and the stipulations in the submissions, in those cases, were held to be the same thing as if they had expressly authorized the entry of judgment by attorney. Now, judgments cannot be entered on warrants of attorney, but must be entered in the manner prescribed by the Code, or by some other statute, unless entered in actions which have been duly commenced.

Our conclusion is that the judgment in this case was irregularly entered, for the reason that the submission was not proved in the manner prescribed by statute ; and that the defendant could move to have it set aside for irregularity,

because he did not have any notice of the plaintiff's application for judgment on the award. It is, therefore, unnecessary to decide the other questions raised by the defendant's counsel, as to the invalidity of the award, because the appointment of the third arbitrator was not in writing, and because the award was made after the defendant's notice of revocation of the powers of the arbitrators, without giving him an opportunity to be heard before such third arbitrator, and we will not determine whether the defendant should have moved to vacate the award on those grounds, or whether he could move to set aside the judgment on those grounds, after omitting to move to vacate the award. It is sufficient for us to say, the judgment was properly set aside on the ground that the submission was not proved in the manner prescribed by statute. The order setting aside the judgment, and the execution issued thereon, should be affirmed, with costs.

, Order affirmed.

