OCEAN HOUSE CORPORATION, APPELLANT, *v.* WILLIAM H. CHIPPU AND OTHERS, RESPONDENTS.

2 *R. S.*, 542, § 9 —*judgment upon award —when cannot be entered.*

No judgment can be entered upon the award of an arbitrator, where the instrument, submitting the differences between the parties to arbitration, is not attested by a subscribing witness.

*Goodsell* v. *Phillips* (49 Barb., 353) followed.

APPEAL from an order made at Special Term, vacating a judgment entered upon an award of arbitrators.

*William Barnes,* for the appellant.

*Robert W. Todd,* for the respondents.

BRADY, J.:

The papers submitting the differences between the parties to arbitration, were not attested by a subscribing witness. The judgment upon the award was entered without notice, the submission on that proceeding having been proved by one who was not a subscribing witness. The statute relative to arbitrations declares that, upon the submission being proved by the affidavit of. the subscribing witness thereto, and upon the award made in pursuance thereof being proved in like manner, or by the affidavit of the arbitrator, the court designated in the submission, shall, by rule in open court, confirm such award, unless, etc.; and further, upon such award being affirmed or modified, the court shall render judgment in favor of the party to whom any sum of money or damages shall have been awarded, etc. (3 R. S. [5th ed.], 856, 859.) In *Hollen-*

*back* v. *Fleming* (6 Hill, 303), and in *Goodsell* v. *Phillips* (49 Barb., 353), the provisions mentioned were considered, and it was held that the proceedings to obtain judgment upon an award of arbitrators were summary, and that the requirements of the statute should be strictly complied with. In the first case it is said, that the proof, when made by the subscribing witness, shall be such as to show that he was in fact a subscribing witness, within the legal designation of such a person, in order to establish the right of the successful party to the order directing the entry of judgment. In the second case the precise question presented in this case was passed upon, namely, whether a judgment could be entered upon a submission and award when it appeared that there was no subscribing witness to the submission signed, and the court decided that the statute could not be complied with, there being no subscribing witness, and that the judgment could not be maintained.

It is true that no section of the statute referred to requires, in express terms, that the submission shall be attested by a subscribing witness; but when it declared that the award could be affirmed when the submission was proved by the subscribing witness, it left no doubt of the intention of the legislature to require such an attestation before it could be enforced summarily. The design of this prerequisite is to insure the identity of the persons to be affected by the award, and not to leave that question open to doubt, by allowing proof of the execution of the written submission by evidence that the signatures were genuine, or by admissions, which are not regarded as the highest evidence to be furnished to courts of justice. The requirement is of the person who saw the parties sign, and who would be able to identify them, and to establish the condition of the parties at the time, and to state any and all circumstances attending the act of submission, which, under the rule of evidence, might be admissible.

We think these decisions are right, and that the order made at the Special Term should therefore be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

Ordered accordingly, with costs of the appeal.