THE TOWN OF WESTCHESTER AND THE TRUSTEES
OF THE TOWN OF WESTCHESTER, APPELLANTS, *v.*
JOHN H. DAVIS, JOHN TIGHE AND WILLIAM COOPER,
RESPONDENTS.

*Conveyance — by two of three trustees of a town — void — chap.* 150, *Laws of* 1844 —
*chap.* 279, *Laws of* 1846 — § 6, *art.* 3, *title* 3, *chap.* 18, *part* 1, *R. S.* — § 27,
*title* 17, *chap.* 8, *part* 3, *R. S.*

The real estate of the town of Westchester, N. Y., was vested, by chapter 150,
Laws of 1844, in a corporation created by that act, with six trustees, and
entitled "the trustees of the town of Westchester." Section 5 of such act
invested them with the general powers and made them subject to the liabilities
and restrictions imposed by chapter 18, part 1 of the Revised Statutes. Section
6 of article 3, title 3 of such chapter 18, directs that, "where the corporate
powers of any corporation are directed by its charter to be exercised by any
particular body, or number of persons, a majority of such body or persons if
it be not otherwise provided in the charter, shall be a sufficient number to form
a board for the transaction of business; and every decision of a majority of
the persons duly assembled as a board, shall be valid as a corporate act."

By chapter 279, Laws of 1846, the town was divided into two, one retaining the
name "Westchester" and the other to be named the "town of West Farms."
Section 5 of this act provides that "the provisions of the act entitled 'An
act to incorporate the trustees of Westchester,' passed April 12, 1844, shall
apply to each of the towns hereby erected, except there shall only be
three trustees elected in each of said new towns hereafter, in place of six, as
heretofore, who shall possess all the powers now delegated to the present
board."

*Held,* that as regards each of the new towns created by the act of 1846, the pro-
visions of the Revised Statutes, (§ 6, art. 3, title 3, chap. 18, part 1 of the
Revised Statutes), were repealed, and their corporate acts were governed by
section 27, title 17 of chapter 8, part 3 of the Revised Statutes, requiring that
"whenever any power, authority or duty is confided by law to three or more
persons, and whenever three or more persons or officers are authorized or
required by law to perform any act, such act may be done, and such power,
authority or duty may be exercised and performed, by a majority of such per-
sons or officers, upon a meeting of all the persons or officers so intrusted or
empowered, unless special provision is otherwise made." And that a deed by
two of such trustees, when the third did not meet and confer with the two
who did sign, was not requested to meet, and, in fact, had resigned his office
as trustee before the other trustees determined to make the conveyance, was
void.

*Held,* further, that under the act of 1844 a deed would have been executed in
the name of the corporation, but under the law of 1846 the trustees could exe-
cute a deed in their own names, as trustee.

APPEAL from an order made at Special Term, denying a motion for judgment by the plaintiffs upon the pleadings in the action.

*Edmond Blankman* and *Wilson Brown, Jr.,* for the appellants.

*Silas D. Gifford, Wm. H. Pemberton* and *Geo. W. Hunt,* for the respondents.

BARNARD, J.:

Under the provisions of 2 Revised Laws, 136, the town of Westchester was authorized to elect six trustees; and such trustees, or a majority of them, were clothed with power to dispose of the undivided town lands as fully as trustees before the passage of that law had been used to do under any patent or charter of said town. This statute was re-enacted in the Revised Statutes. (1 R. S., 360, § 3.) In 1844, the legislature authorized the election by the town of six trustees, who were created a corporation under the name of the trustees of the town of Westchester. (Chap. 150, Laws of 1844.) This corporation was authorized to sell these lands; full provision was made for the working of the corporation; one of its members was to be president, and another was to keep its records; and it was given the general powers and was made subject to the limitations and restrictions of chapter 18, part 1, Revised Statutes. All property theretofore held by the trustees was vested in the corporation so created, and all former inconsistent enactments were repealed. Section 6 of chapter 18, title 3 of part 1 of the Revised Statutes provides that : " When the corporate powers of any corporation are directed by its charter to be exercised by any particular body or number of persons, a majority of such body or persons, if it be not otherwise provided in the charter, shall be a sufficient number to form a board for the transaction of business; and every decision of a majority of the persons duly assembled as a board shall be valid as a corporate act." There was no provision in the charter as to the number necessary to do a corporate act; and, according to the section of the statute above stated, at least four must meet, and three might do a lawful act.

The provisions of the Revised Statutes requiring a majority of the trustees was necessarily repealed. In 1846 (chap. 279,

Laws of 1846), the legislature divided Westchester into two towns — Westchester and West Farms; authorized a division of the town lands between the two towns, and provided, by section 5 of said act, as follows:

"The provisions of the act entitled an act to incorporate the trustees of the town of Westchester, passed April 12, 1844, shall apply to each of the towns hereby erected, except there shall only be three trustees elected in each of the said new towns hereafter, in place of six as heretofore, who shall possess all the powers now delegated to the present board."

Under the act of 1844 a deed would have been executed in the name of the corporation. Under the law of 1846, I am of the opinion that the trustees would execute a deed in their own name as trustees. (*De Zeng* v. *Beekman*, 2 Hill, 489.)

By section 27 of chapter 8, part 3, title 17 of the Revised Statutes, it is provided: "Whenever any power, authority or duty is confided by law to three or more persons, and whenever three or more persons or officers are authorized or required by law to perform any act, such act may be done and such power, authority or duty may be exercised or performed by a majority of such persons, or officers upon a meeting of all the persons or officers so intrusted or empowered, unless special provision is otherwise made."

The pleadings show that only two of the trustees have executed the deed in question. That the other trustee did not meet and confer with the two who executed the deed; was not requested to meet, and, in fact, had resigned his office as trustee before the other trustees determined to make the conveyance. I think the deed is void, and that the plaintiffs are entitled to judgment on the pleadings. There must be a full board, and all must meet and confer as to the act to be done. Full provision is made to fill vacancies, indeed it is made the imperative duty of any three justices of the town to fill the vacancy; and if there be not more than one justice, he may associate with himself two more from an adjoining town to fill the vacancy. (1 R. S., 348, §§ 34–46.) Statute powers are to be strictly followed. (*Powell* v. *Tuttle*, 3 Comst., 400; *Sharp* v. *Speir*, 4 Hill, 80; *Striker* v. *Kelly*, 2 Den., 330; *Sherwood* v. *Reade*, 7 Hill, 431; *Keeler* v. *Frost*, 22 Barb., 400.)

The judgment should be reversed, and a new trial granted, costs to abide event.

Present — Barnard, P. J., and Gilbert, J.; Dykman, J., not sitting, having been counsel.

Order reversed, and new trial granted, costs to abide event.