YOUNG and others *against* The Commonwealth for the use of BOALS.

*Pittsburg,*
*Monday,*
September 13.

Although the act of 21st *March* 1806, authorizes the defendant to alter his plea or defence at any time on or before the trial, yet this is to be only by permission of the Court. The discretion of the Court is however a legal discretion, subject to review on a writ of error; and if the defendant after having already pleaded, offers to plead specially other pleas containing matter of law necessary for his defence, it is error to refuse them.

IN ERROR.

ERROR to the Common Pleas of *Indiana.*

The action below was debt against *Young* and two others as sureties in his official bond as coroner, taken in the usual form under the act of 28th *March* 1803. To this the defendants first pleaded *non est factum* and performance, with leave to give the special matters in evidence. On the 12th of *June* 1812, the plaintiff replied to the plea of performance, "that the said *Samuel Young* &c. have not kept and performed the condition of the aforesaid bond, but have "broken the same, for that the said *William Boals* at the term "of *September* 1808, by the judgment of the Court of Common Pleas of *Indiana* recovered against *Thomas M'Cartney* "&c. 181 dollars 37 cents damages together with costs; "whereupon a writ of *fi. fa.* tested &c. at the suit of the said

The official bond of a coroner may be given in evidence in a suit against him and his sureties, although not recorded according to law in the office for recording deeds. Giving the bond, and acting in the office are *prima facie* evidence that the sureties have been approved by the judges of the Common Pleas.

The return of a writ by a coroner, is evidence that a commission issued to him.

Unless a recognizance is given by a coroner, his commission and all acts under it are void, and there can be no recovery on his official bond.

" *Boals* against the said *M'Cartney* &c., was issued &c., re-
" turnable &c., directed to the said *Samuel Young*, then coro-
" ner, and to him in due form of law to execute delivered,
" by which writ he was commanded &c., to levy the sum of
" &c.: and further commanded that he should have those
" monies before the judges &c. at &c., to render to the said
" *Boals:* at which term the said *Samuel* returned, that he had
" levied in full the sum of &c. as by the writ and the return
" &c. appears. Nevertheless the said *Samuel* had never
" rendered the money to the said *Boals.*" The replication
concluded with a profert of the judgment, *fi. fa.* and return.
- To this replication the defendants on the 20th *July* 1812,
rejoined that they had not broken the condition of the said
bond, in manner and form as the plaintiff had alleged &c.,
and on this issue was joined.

On the same day the defendants pleaded two additional
pleas, as follows: 1. " That the said Commonwealth ought
" not to have or maintain her said action against them, be-
" cause they say that previous to a commission having been
" issued and granted by the governor of the said Common-
" wealth to the said *Samuel Young*, as coroner of said county,
" the said *Samuel Young* did not with two sufficient sureties
" enter into a recognizance, in the sum required by law,
" that he would well and faithfully perform all and singular
" the duties to the said office of coroner appertaining, nor
" was there any such recognizance as aforesaid taken and
" recorded by the recorder of deeds of said county, and
" transmitted to the secretary of the said Commonwealth
" or filed in the office of the said secretary, nor was the said
" bond recorded in the recorder's office of the said county,
" nor were the sureties named in the said bond, to wit &c.
" submitted to and approved of by the judges of the
" Court of Common Pleas of *Indiana*, or any two of them,
" previous to the granting of the commission to the said
" *Samuel* as coroner, to wit until the 9th of *December* 1806;
" nor was the sufficiency of the said sureties approved of by
" the governor of the said Commonwealth, previous to the
" issuing of the commission;" and so concluded with a veri-
fication. 2. " That at the time of and before the execution
" of the said bond, to wit, on &c. at the county aforesaid,
" the said *Samuel* was seized in his demesne as of fee, of

Young
et al.
v.
Common-
wealth.

"and in a tract of land containing &c., and one certain lot "of ground situated in the town of *Indiana*, in the county "of *Indiana*, then and there of the value of 500 dollars, and "that no recognizance was taken and recorded in said. "county, binding the said *Samuel Young* for the perform- "ance of the duties of his said office as coroner, agreeable "to law; and that by reason of the said recognizance not "having been taken and recorded, the said *Samuel Young* "hath since, to wit &c. at said county, aliened &c. his inter- "est in the said tract of land to &c., and in the said lot to "&c."; and concluded in the same way.

On the 15th of *September* 1812, the counsel for the defendants moved the Court for a rule on the plaintiff to reply to the two last pleas, but the Court denied the rule, and being required to file their reasons, the following were assigned:

1. The cause appears to be at issue on the plea of *non est factum*, and on that of performance; and the contents of the said special pleas, if they could be of any avail to the defendants, might be offered under leave to give the special matters in evidence.

2. The Court are of opinion that the plaintiff is not bound in the present state of the cause to put in any replication to the said pleas, and may proceed to the trial of the issues on the record.

The cause came on to trial on the 15th *September* 1812, when the plaintiff to maintain the issues on his part, gave in evidence the original bond, which was proved by a subscribing witness, but there was no evidence of its having been recorded. The defendants objected to the evidence, but the court admitted it.

The plaintiff further gave in evidence the record of the judgment, *fi. fa.* and return by *Young*, as stated in his plea, and there rested the case.

The defendants then asked the Court to charge the jury, that as no commission to *Young*, constituting him coroner, had been shewn in evidence, the present action was not supported. But the Court declared that it was not incumbent on the plaintiff to produce such commission in order to support the action.

The defendants further requested the Court to charge, that

the action was not supported, because no evidence had been given of any recognizance having been taken by the recorder of deeds agreeably to the act of 28th *March* 1803; but the Court declared that such evidence was unnecessary in support of the present suit. Whereupon a bill of exceptions was tendered and sealed.

The errors relied upon in this Court were,

1. The refusal of the Court to rule the plaintiff to reply to the two pleas last filed.

2. The admission of the bond, without proof of its being recorded, or certified and transmitted to the secretary of state, or that the sureties had been approved of by the judges of the Common Pleas, or that they had been approved by the governor, or that a commission had ever issued to *Young*.

3. The charge of the Court that it was not necessary to give evidence of a commission having issued to *Young*.

4. The charge of the Court, that it was not necessary to prove a recognizance to have been taken from *Young* and his sureties.

*Kelly* and *Foster* for the plaintiffs in error.

*Reed* and *Forward* contra.

TILGHMAN C. J. The first error assigned in this case, is, that the cause was tried without joining issue on two special pleas put in by the defendants below. It is said in answer to this objection, that the Court would not permit the pleas to be put in, or what is the same thing, they decided that the plaintiff might go on to trial without replying to them. Although the act of 21st *March* 1806, authorizes the defendant to alter his plea or defence at any time *on or before the trial*, yet it must be understood that this is to be by permission of the Court; otherwise the defendant might harass and evade the plaintiff for ever, by constantly putting in new pleas when the cause was ready for trial, or even during the trial. But although the Court have a discretion on this subject, yet it is a legal discretion, subject to the review of this Court on a writ of error. When the defendant offers to plead *specially*, a matter of *law* necessary

for his defence, he should be permitted to do it, because it tends to that certainty which is the object of pleadings. It tends also to bring the point before the proper tribunal. If the matter pleaded is demurred to, the Court decide it; if denied, it goes to the jury. Whereas by the general issue with leave to give the special matter in evidence, the whole goes to the jury (subject to be sure to the charge of the Court) in so confused a manner, that when the trial comes on, the parties hardly know what is to be tried. I am therefore of opinion, that when the defendant offers such a plea, it is error to refuse it, unless it is put in at such a time as shews that the object is delay. In the present instance, the reasons assigned by the Court for their opinion, shew that the pleas were not rejected because they were put in for delay, and the record shews the same thing, because they were put in on the 20th of *July*, and the cause was not tried until *September* following. The pleas ought therefore to have been received, and the plaintiff should have been ordered to reply to them.

2. The second error assigned is of a multifarious nature; it includes several distinct points which I will consider separately. It is objected that the bond ought not to have been admitted in evidence, because it was not recorded in the office of the recorder of deeds, and transmitted to the secretary and recorded in his office. The act of assembly directs that this should be done, and it ought to be done. But if the bond is sealed and delivered, it is not the less valid because the officers of the Commonwealth neglect their duty in not recording it. The recording was for the facility of proving the bond on a trial, as well as for safety in case of loss. These advantages are lost in not recording. No copy could be received in evidence, and the plaintiff was driven to the necessity of producing the original. He did produce it, and proved the execution; that being done, it was proper that it should be read to the jury. The next objection is, that there was no proof of the sureties in the bond being approved by the judges of the Court of Common Pleas and by the governor, previous to its execution. I cannot think that this was necessary. The bond having been executed, and the coroner having acted in his official capacity, it may fairly be presumed, that the approbation re-

quired by the act of assembly had been previously given. Another objection is that there was no proof of the commission having issued to the coroner. Neither do I think that this proof was necessary. It was proved that *Samuel Young* had executed and returned a writ directed to him as coroner, which was quite sufficient, because he had no right to execute the writ until he was commissioned.

3. The third error assigned is, that the Court directed the jury, that on the issue joined, evidence of a commission having issued to the coroner was not necessary. I have taken notice of this objection before, which is but a repetition of what was included in the second error.

4. The last error assigned is, that the Court directed the jury that there was no occasion for the plaintiff to prove that a recognizance had been taken by the recorder of deeds of *Indiana* county, according to the provision of the act of 28th *March* 1803. The opinion of the Court was, "that "such evidence was unnecessary in support of the present "suit." In considering this objection, we shall perceive the difficulty into which the defendants were thrown by the rejection of their special plea. If that plea had stood, the plaintiff must either have *demurred*, in which case the fact of no recognizance having been given would have been confessed, or he must have replied that a recognizance was given, and then it would have lain on him to prove it. Whereas the plaintiff's counsel now contend, that if no recognizance was given, it lay upon the defendant to prove the negative. Whether that was the opinion of the Court below, does not clearly appear. They only say that it was not necessary for the plaintiff to prove that a recognizance was given. But the Court having declared that the special plea ought not to be received, because the defendants might have all the advantage of it on the general issue, it would be unjust that they should not be placed in the same situation in which they would have stood, if the plea had been admitted, and then it would have lain on the plaintiff to prove the affirmative. I will not say whether the recognizance might not have been good, although not taken before the recorder, if taken before a judge of the Court of Common Pleas; but if no recognizance at all was given, it appears to me that the plaintiff cannot recover on the bond.

Young
et al.
*v.*
Common-
wealth.

The act of assembly directs that bond and recognizance shall be given, and that unless given, " *the commission* and all " acts whatsoever, done by the coroner under colour of office, " shall be *void* and of no effect." Now this bond, by the express terms of the condition, is to have no effect until *Samuel Young* shall be duly commissioned coroner &c. But a void commission is no commission; therefore by the positive provision of the law, there can be no recovery on the bond unless it is accompanied with a recognizance. This may be attended with excessive hardship, when the officers of the Commonwealth have been so inattentive, as not to see that the law has been complied with before the commission issues, or at least before any process is put into the hands of the sheriff or coroner; and it may be doubted whether the legislature, in their anxiety to enforce security, may not have gone farther than was necessary. The subject is well worthy of their consideration; for as the law stands, both individuals and the public may be subject to great injury from the hardihood of a sheriff or coroner elect, who presumes to act without having given the requisite security. On the whole it is my opinion that the judgment should be reversed, and a new trial ordered.

YEATES J. was prevented by sickness from being present at the argument.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment reversed.