NEW-YORK,
May, 1832.

McCoy *vs.* Curtice.

McCoy
v.
Curtice.

Evidence, that certain individuals are *generally reputed* to be, and have *acted* as *trustees* and *collector* of a common school district, is *prima facie* sufficient to establish their official character.

Two trustees may issue a warrant for the collection of a tax, and the presence of the third trustee at the issuing thereof will be *presumed*, until the contrary be shewn.

Error from the Orange common pleas. McCoy sued Curtice in an action of trover for a watch; the defendant pleaded the general issue. The plaintiff proved the taking of the watch and its value. The defendant justified as collector of a school district, viz. school district No. 15, situate partly in the town of *Warwick* and partly in the town of *Goshen*, in the county of Orange. He produced a warrant signed by S. Jayne and J. Fox, as trustees of the school district, commanding certain monies to be levied as a tax, and amongst others, of McCoy, and proved by *parol* that Jayne and Fox were reputed to be, and acted as trustees of the district, and also proved by *parol* that he, the defendant, had acted as collector, and that as such collector, he had levied upon the watch of the plaintiff. The plaintiff objected to the *parol* evidence when offered, but the objection was overruled; he also objected to the warrant being received in evidence, until the erection of the district was shewn by the production of the records of the towns of Warwick and Goshen, and insisted that even were they produced, the warrant was illegal in having been issued by only *two* instead of *three* trustees; these objections were also overruled. The defendant subsequently produced the records of the town of *Warwick*, from which it appeared that the school district had been laid out by the commissioners of common schools of Warwick, and proved that the trustees, the plaintiff and the defendant were all residents of that district. The plaintiff proved that there was no record in the town clerk's office of the town of Goshen of the erection of district No. 15 as a common school district, and offered to prove that the school in the alleged district was kept in a building erected

NEW-YORK, by voluntary subscription of individuals, previous to the intro-
May, 1832. duction of the common school system ; that many of the
McCoy contributors objected to the building being used as a common
v. school house, and had never parted with their interest in the
Curtice. same, and that the tax in question was imposed for the pur-
pose of repairing such building ; which evidence was object-
ed to and refused to be received.   The defendant, however,
proved that a common school had been kept in the building
for ten years previous to the trial.   The jury, under the
charge of the court, found a verdict for the defendant, and
the plaintiff sued out a writ of error.

*S. J. Wilkin,* for plaintiff in error.

*A. S. Benton,* for defendant in error.

*By the Court,* SUTHERLAND, J.*   It is a general rule in
relation to all public officers, that they may establish their
official character, by proving that they are generally reput-
ed to be, and have acted as such officers, without producing
their commission or other evidence of their appointment.
This is well established, as to all peace officers, sheriffs, con-
stables, justices of the peace, &c. 4 *T. R.* 366. *Potter* v. *Lu-
ther,* 3 *Johns. R.* 431. *Cowen's Tr.* 572, *note m.* 6 *Binn.* 88.
9 *Mass. R.* 231. 7 *Johns. R.* 549.   9 *id.* 125.   12 *id.* 296.
*Wilcox* v. *Smith,* 5 *Wend.* 231. 16 *Viner,* 113, 14.   In *Rex*
v. *Jones,* 2 *Campb.* 131, a letter was permitted to be read pur-
porting to be from the lords commissioners of the treasury,
without any evidence except what appeared on the face of the
letter, that they were commissioners.  That, too, was a crimi-
nal case, and it was distinctly objected on the part of the de-
fendant, that the authority of the commissioners should be
shewn by producing the commission by which they were ap-
pointed.  The trustees and collector of a school district are reg-
ular officers, annually chosen, with powers and duties well de-
fined and regulated by statute; and it is not perceived why
their official characters may not be shewn in the same manner
as that of a justice of the peace or a constable.   They are

* Decided October term, 1830.

officers of almost equal notoriety, and the duties of a collector are very much of the same nature as those of a constable. *Laws of* 1819, *p.* 198, § 20 *to* 25. I am inclined to think, therefore, the parol evidence upon these points was admissible. Whether it was sufficient or not is a question which does not arise on this bill of exceptions. The objections are specifically to the nature of the evidence, and not to its defect or sufficiency.

This disposes of the two first exceptions. The next objection was to the introduction of the warrant, on the ground that it was signed only by two trustees. I am inclined to think the objection was properly overruled. Where power is delegated to two or more individuals for a mere private purpose, in no respect affecting the public, it is necessary that all should join in the execution of it. Thus arbitrators must all unite in an award. But in matters of a public concern, if all are present, the majority can act, and their acts will be the acts of the whole. 1 *Bos. & Pull.* 236. 3 *T. R.* 592. 6 *Johns. R.* 41. There can be no doubt that a contract made by all of the trustees and signed by two would be binding, or that two could contract against the will of the third, if he was duly notified or consulted and refused to act. The convenient despatch of public business requires that it should be so. *Ex parte Rogers,* 7 *Cowen,* 526, *and cases there cited.* The objection here was simply that the warrant was not signed by all the trustees. There is nothing to show, or from which it is to be inferred, that all the trustees did not concur and act in the previous proceedings, and assent to the issuing of the warrant. In *Yates* v. *Russell,* 17 *Johns. R.* 468, which was a writ of error upon a judgment entered upon the report of referees, in an action not referable under the statute, the report was signed by only two of the referees, and one of the errors relied upon was, that it did not appear that all the referees met and heard the parties. It was held by Ch. Kent, who delivered the opinion in the court of errors, that it was to be presumed that all the referees met, as nothing appeared to the contrary; and if they did not, the objection should have been taken in the court below. That principle seems to be applicable to this case, and

dispose of this point. It was also objected that it did not appear that school district No. 15 was ever laid out and recorded. The objection was removed by the subsequent evidence in the case. The record of the town of Warwick was produced, by which the laying out and recording of the district was fully shown. The evidence offered by the plaintiff was properly rejected.

Judgment affirmed, with double costs.