## The State vs. Stroope.

On the trial of an indictment against an overseer of the road, parol evidence that he acted as such, is admissible to prove his acceptance of the appointment.

*Appeal from Clark Circuit Court.*

Hon. Len. B. Green, Circuit Judge.

Hollowell, Attorney General, for the State.

Garland & Randolph, for the appellee.

Proof that one acts as an officer, and is therefore such officer, can be made only when he serves process, commands peace, etc. *Barb. Crim. Treatise* 92; 1 *Hale* 461; 1 *East* 315.

The notice, with acceptance endorsed (*Gould's Dig.*, *p.* 963, *secs.* 7, 8,) is the best evidence, and should, therefore, have been introduced. 17 *Ark.* 154; 2 *Greenl.*, *sec.* 63; *Barb. Cr. Treat.* 394.

Mr. Justice Compton delivered the opinion of the Court.

This was an indictment against Stroope, as overseer of the road. The defendant was acquitted, and a new trial being denied the State, she excepted, and appealed.

It appears from the bill of exceptions taken at the trial, that the Attorney for the State proved by the records of the County Court, the appointment of the defendant as overseer of the road mentioned in the indictment; and, in order to show his acceptance thereof, proposed to prove by *parol* that the defendant had *acted* as such overseer; which the Court refused to

permit him to do. In this the Court erred: for, although the statute required the Clerk to make out, and the sheriff to serve on the defendant, a written notice of his appointment, and required the acceptance or refusal of such appointment to be returned to the Clerk (*Gould's Dig.*, *p.* 963); and, although secondary evidence, as a general rule, is inadmissible, unless it be shown that the primary or higher grade of evidence is unattainable, yet this rule has its exceptions; and proof that an individual has acted as a public officer, is *primâ facie* evidence of his official character, and may be shown by parol. This is well established as to sheriffs, constables, justices of the peace, and a variety of other officers. *Greenleaf's Ev.*, *vol.* 1, *sec.* 92; 4 *T. R.* 366; *McCoy vs. Curtice*, 9 *Wend.* 17; *Wharton Crim. Law, pages* 241, 242; 1 *Phil. Ev.* 432, 433, *and authorities there cited.*

Overseers of the road are regular officers, chosen at stated periods, with powers and duties defined and regulated by statute; and no good reason is perceived why their official characters may not be shown, as that of a justice of the peace, constable, or other public officer.

The judgment must be reversed, and the case remanded for further proceedings.