## The State vs. Moore.

On the trial of an indictment against an overseer of a road, for neglect of duty, if the State fails to prove that the road is a public road, as defined by the statute, the jury must acquit.

An order of the county court appointing an overseer for a particular road or district, is evidence that, during the term of the appointment, the road described is a public road.

Although, if a private person cut a ditch across a public road and bridge it he may be liable for not keeping it in repair, that would not excuse an overseer for allowing a dangerous bridge over the ditch to remain in the road.

4. On an indictment against an overseer, although the State may prove that he was appointed overseer, she must also prove that he received notice of his appointment: and if he worked on the road, it is a circumstance from which it may be inferred that he had notice.

### Appeal from Saline Circuit Court.

Hon. John J. Clendenin, Circuit Judge.

HOLLOWELL, Attorney General for the State.

POPE & NEWTON, for the appellee.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

Moore was indicted in the Saline Circuit Court, for that being an overseer of the military road, fourth division, from the slough, near G. Keesee's to the Hot Spring county line, he suffered the road to be obstructed with trees and tree tops, and by not repairing the bridge of the road.

The indictment was filed the 20th of April, 1860, and the testimony showed that during the year before that time, the road was in as good condition as any other road in the county, and was a good road, except for twenty-four or thirty-six hours, a sapling, bent over the road by sleet, might impede the stage on passing under it; that a ditch, to drain land occupied by one Mitchell, had been dug through the road, which he had bridged, but the bridge had got out of repair, its puncheons being misplaced and worn out, so that the leg of a horse might have gone through; that the bridge remained so out of repair three or four weeks, when the bridge was removed and the ditch filled up by the overseer; but whether that overseer was Moore, the record does not show. The ditch was two or three feet wide, and a foot, or a foot and a half deep, when the bridge was removed. The bridge was considered dangerous by some of the witnesses, others did not so consider it, but the bill of exceptions affords us no way of estimating the evidence only by showing its contrariety.

The jury found the defendant not guilty, the State moved for a new trial, because the verdict was against law and evidence, and because the court gave wrong instructions to the jury; the court overruled the motion, and the State appealed.

If the judgment is reversed, it is evident it must be for erroneous instructions, as the finding of the jury, being on discordant testimony, will not be here disturbed.

The first instruction is, that if the State fails to prove that

the road is a public road, as defined in the statute, the jury must acquit. How the State could be prejudiced by this instruction, we cannot see, especially, as the State proved that the road was a public road in the estimation of the county court, shown by the appointment of an overseer for it on the 2d of January, 1860. That is sufficient, in the first instance, to prove a road to be a public road, as defined by the statute. This was all the evidence upon this subject, and the court did not impeach its sufficiency, and would likely have affirmed it, if the State had so asked.

The second instruction is to the effect, that if the ditch was cut by Mitchell, for the benefit of his land, it was his duty to keep the road over it in repair, and that for not doing so, he was liable. That may follow from the 17th section of chapter 149, Gould's Digest, although it would not excuse the overseer for allowing a dangerous bridge over the ditch to remain in the road. The court did not say that Mitchell's liability to punishment would exonerate the overseer from performing his duty, and would doubtless have instructed the jury to the contrary, had the State asked it.

The third instruction of the defendant is, that although the State may prove that Moore was appointed overseer, she must also prove that he received notice of such appointment. Even without the modification which the court gave of this instruction to the jury, it would not be inconsistent with *The State vs. Stroope*, 20 *Ark.* 202, for the instruction did not imply that working on the road as overseer was not proof of notice of the appointment. But with the explanation given by the court, on motion of the State, that if the defendant worked the road, it was a circumstance from which it might be inferred that he had received notice of his appointment, the State certainly could not complain of the whole instruction.

We find no error in the proceedings of the Circuit Court, and affirm its judgment.