EDMOND HILL, APPELLANT, VS. JACOB VANDERPOOL, RE-
SPONDENT.

A certificate of sale of lands sold by the United States Direct Tax Commis-
sioners, under the act of Congress of June 7, 1862, for unpaid taxes
charged thereon, signed by two of the tax commissioners, is admissi-
ble in evidence in an action brought to try the title to the land.

Appeal from the Circuit Court for St. John's county,
Fourth Judicial District.

The opinion of the court contains a statement of the case.

*H. Bisbee, Jr.*, for Appellant.

*W. H. Robinson* for Respondent.

RANDALL, C. J., delivered the opinion of the court.

This was an action of ejectment to recover certain lands in St. John's county, of which the defendant (appellant) was in possession, and of which plaintiff claimed title by virtue of certain mesne conveyances and former possession by his grantors and their ancestors.

The defendant in possession claims by his answer that the lands were sold by the United States Direct Tax Commis-
sioners for the unpaid direct tax due the United States in December, 1863, to James W. Allen, and that Allen con-
veyed the same to defendant, who was in possession under said tax sale and conveyance prior to the making of the deed under which the plaintiff claims.

In the trial the plaintiff proved his title to the land by several conveyances.

Hill v. Vanderpool.

The defendant then offered in evidence a certificate of sale by the United States Tax Commissioners for Florida of the premises in question, (the certificate being signed by two only of the three commissioners,) to James W. Allen. The court refused to admit the certificate in evidence on the ground that it was signed by two commissioners only, and that it was invalid without the signatures of three commissioners.

The jury then, under the charge of the court, rendered a verdict for the plaintiff, and judgment was rendered accordingly, and the defendant appealed.

The Supreme Court of the United States, in Cooley vs. O'Connor, 12 Wallace, 391, held that a certificate signed by only two of the direct tax commissioners appointed under the act of Congress of June 7, 1862, that land charged with the tax had been sold, is admissible in evidence in an action brought to try the title to the land. "The commissioners were created a board to perform a governmental function, and it is a familiar principle that an authority given to several for public purposes may be executed by a majority of their number." "Had the certificate been admitted, it would, by force of the statute, have amounted to *prima facie* evidence, as well of the regularity and validity of the sale, as of the title of the purchasers."

This settles the question raised in this case. The Supreme Court of the United States having given an interpretation of the act of Congress, we are bound to follow it.

The certificate should have been received in evidence, notwithstanding the objection made, and the defendant permitted to show his title derived from the tax sale purchaser. It would then have cast upon the plaintiff the burthen of impeaching the sale or showing that the property had been redeemed from the sale as provided by the act of Congress.

The verdict and the judgment are hereby reversed, with costs, and a trial *de novo* ordered.