STATE, *ex rel.* MARIAN FELL VANS AGNEW, as Executrix of the Last Will and Testament of P. J. Vans Agnew, Sr., deceased; and BENJAMIN H. CHARLES v. LOCK DAVIDSON and ERNEST H. EVERY, as the Board of Supervisors of the South Brevard Drainage District, etc., and H. C. MORGAN, as Tax Collector, Brevard County.

156 So. 7.

Opinion Filed July 10, 1934.

*George P. Garrett,* for Plaintiffs in Error;

*John D. Shepard* and *A. Charles Thompson,* for Defendants in Error.

BUFORD, J.—In this case alternative writ of mandamus was issued directly to two supervisors of South Brevard Drainage District. The writ alleged "The present Board of Supervisors of said District consists of Lock Davidson, who is President of said District, and Ernest H. Every, who is Secretary of said District. The third former member of the present Board of Supervisors, E. Svedelius, is dead."

The judgment to which writ of error is addressed recites:

"And now this day this cause coming on to be heard, upon relator's motion for peremptory writ, and it appearing to the Court that all of the parties defendant have been properly served, and that none of them have answered the alternative writ or filed any paper or proceeding by way of appearance or defense, and that said defendants are all in default pursuant to the issuance and service of said alternative writ, and therefore, if the alternative writ, plus the service thereof, makes a case for the issuance of a peremptory writ, a peremptory writ should issue, and relators' motion for a peremptory writ should be granted.

"And it further appearing to the Court that only two supervisors of the South Brevard Drainage District are parties to this suit, it being alleged in Petition and Writ that "The present Board of Supervisors of said District consists of Lock Davidson, who is President of said District, and Ernest H. Avery, who is Secretary of said District, the third former member of the present Board of Supervisors, E. Svedelieus, is dead." Said Petition and Writ fail to show whether or not the vacancy alleged to have occurred by reason of death has been filled as required by Section 1455, C. G. L., 1927, and if said vacancy has not been so filled, fails to assign any reason for the same not having been done. The Court is of the opinion that the

Petition and Writ are insufficient in this regard and is further of the opinion that where there is no statutory authority for action by a majority or quorum of a Board, that any number less than the full Board are not empowered to act, and is of the further opinion that there is no statutory method for serving process upon the Board that it is necessary that each and every member of a Board, such as the defendant Board herein, be served with process before peremptory writ can issue."

And so it is that the question presented for our determination is whether or not the allegations of the writ were sufficient to show that there were only two supervisors of the district in being. And, if so, whether or not service of process on those two surviving supervisors was sufficient to bind the district.

We answer both questions in the affirmative.

We think that the allegation that the Board of supervisors consists of two members, naming them, and that the third former member is dead is clearly an allegation that at the time the writ was issued there were only two members of the Board in being.

The record shows that service was made on these two members and that they were in default.

In the case of Cooley v. O'Connor, 12 Wallace 398, 20 L. Ed. 446, the Supreme Court of the United States said: "This is a general rule for private agencies, though it is not universal in its application. But the rule is otherwise when the authority is of a public nature, as it was in this case. The commissioners were public agents, clothed with public authority. They were created a Board to perform a governmental function, and it is a familiar principle that an authority given to several for public purposes may be executed by a majority of their number. Commonwealth

v. Canal Com'rs, 9 Watts. 471; Jewett v. Alton, 7 N. H. 253; Caldwell v. Harrison, 12 Ala. N. S. 755; Williams v. School Dist. 21 Pick. 82; Doe v. Godwin, 1 Dowl. & Ry. 259; King v. Boston, 3 T. R. 592; McCoy v. Curtice, 9 Wend. 19. In this last case it was held that two of three trustees of a school district might issue a warrant for the collection of a tax, and that the presence of the third trustee at the issuing thereof would be presumed until the contrary was shown. The authorities cited are enough to show that the certificate of sale was not void or inoperative because signed by only two of the Commissioners."

In First National Bank, etc., v. Town of Mount Tabor, 52 Vt. 87, the Court said:

"In Scott v. Detroit Young Men's Society's Lessee, 1 Doug. Mich. 119, it was held that, 'as a general proposition it is undoubtedly true that where several persons are appointed to execute a power or trust, and no authority is given to a less number than the whole to act, all must join in its execution. A distinction is drawn, however, between a mere private trust or power and a power of a public nature conferred by law. In such cases, if all are present to deliberate, although a majority only assent to the act, it is unquestionably good.' In Commissioners of Allegheny Co. v. Lecky, 6 S. & R. 166, it was held that where the commissioners of the county had authority under a statute to purchase a site for a jail, the power might be legally exercised by two of them without the concurrence of the third; that 'the rule that requires all to join in the execution of a power has never been applied to public business of a judicial nature, nor to public business of a deliberative nature, though not strictly judicial.' "

The weight of authority appears to be that where a number of persons are appointed by law to perform some public

duty and they meet together for that purpose, the action of the majority is the act of the body, notwithstanding the dissent of the minority. See Carolina Savings Bank v. Evans, 28 S. C. 521; Williams v. School District, 21 Pick. 75; McCoy v. Curtice, 9 Wend. 17, 24 Am. Dec. 115 and note; First National Bank v. Mount Tabor, *supra;* Abbeville v. McMillan, 52 S. C. 60. But, this rule presupposes the fact that all members of the board, or commission, are in being and are in a position to take affirmative or negative action.

Here we have a case where the law provides for the appointment of three persons to act as supervisors and as a body to perform the public functions required of them. One of the three has died and certainly we cannot say that it follows that the district is without a board of supervisors during the vacancy caused by the death of one of the said supervisors. The remaining living members, being a majority of the whole board, constitute the surviving board of supervisors.

In People, *ex rel.* Crawford v. Lothrop, etc., 3 Colo. 428, the Court said:

"If one of several persons to whom is confided the execution of a private trust refuses to join with the others, or if after his appointment and before the execution of the trust, he dies, the business may be put off until another time. Not so with public business of a deliberative or judicial character. It cannot be deferred to a more convenient season. By necessity, prompt action is required. The law exacts it. The public weal demands it. The framers of the Constitution and the people who adopted it, we think, did not intend, by the manner in which the board was formed, to place it in the power of one member to prevent its sitting."

The case of The Commonwealth, *ex relatione* Hall v. The Canal Commissioners, decided by the Supreme Court of Pennsylvania, 9 Watts 466, is directly in point. There the Court said:

"In The Commissioners v. Lecky, it was said by the Chief Justice, that the rule which requires execution by all has never been applied to public business of a *judicial* or of *deliberative* nature; or to cases where powers are given to corporate bodies—all which is incontestable. But all judicial and deliberative bodies partake strongly of the nature of corporations. Every Legislature is strictly a court; whence it is said by Sir Edward Coke, that the British Parliament, consisting as it does of the King, lords and commons, is the highest, most absolute, and most honorable court of justice in England; 1 Inst. 109a; and I believe it is still customary in some of the eastern States to call a Legislature the general court. County Commissioners have always been at least *quasi* corporations, in which respect they differ from commissioners to take depositions, and from arbitrators chosen for their presumed fitness for the business committed to them, who, where the contrary is not specified in the terms of their appointment, must all join. It may be safely said then, that any duty of an aggregate organ of the Government may be performed by a majority of its members where the constituting power has not expressly required a concurrence of the whole. Now these appraisers were constituted a board for the performance of duties of a public, deliberative and judicial nature; they were, in short, a tribunal of appellate jurisdiction. Though not apparent on the face of the return, it is conceded that there was a vacancy by resignation in the membership at the time of the assessment. But that is a fact which instead of weakening the relator's case, would strengthen it, and the

possibility of its recurrence may make it a legitimate ground of argument; for it cannot be supposed that the functions of the board would be suspended, to the detriment of the public, by the loss of one of its members. Private business might bear to be postponed until such a loss could be repaired, but public affairs are usually so urgent that they could not. Thus it was held in Townsend v. Wilson, 3 Mad. Chan. Rep. 361, s. c. 1. Barn. & Ald. 608, that the survivors of three trustees to whom a power to sell as well as to fill up vacancies in their number had been given by deed, were rendered incompetent to act, by the death of one of them; and that their competency could be restored only by a new appointment. But in Doe dem. Read v. Godwin, 1 Dowl. & Ryl. 259, where Parliament had vested· the prizes of a city lottery in five trustees by name, with power to fill up vacancies by death before the drawing and conveyance of the prizes (city lots) to the fortunate ticket-holders, it was held in ejectment that the conveyance of a prize by four of the five (one having died) was effectual and good."

In Hill v. Vanderpool, 15 Fla. 128, this Court held (following Cooley v. O'Connor, *supra*) that a certificate signed by only two.of the direct-tax commissioners appointed under. Act of Congress of June 7, 1862, was admissible in evidence upon the theory that the commissioners were created a board to perform governmental functions and that upon the principle that an authority given to several for public purposes may be executed by a majority of their number. To the same effect was the holding in Billings v. Stark, 15 Fla. 297.

In Bisbee v. Board of State Canvassers, 17 Fla. 29, the· Board had under consideration a mandamus proceeding in connection with an election and there the court said:

"A certificate signed by a majority of the inspectors is a valid return. The omission of one to perform his duty is not even an irregularity in the return."

In City of North Platte v. North Platte Water Works Co., 56 Neb. 403, 76 N. W. 906, the Court said:

"Where an ordinance authorizing the erection of water-works and the supply of water through hydrants of a certain number and at certain rentals was otherwise duly passed, *held,* that a suspension of the rule requiring it to be read only once on each of three different days unless this rule was suspended, was sufficiently complied with, where there were present four councilmen, all of whom voted for the suspension; the entire council consisting of six members, of whom one had resigned and another was absent when the suspension took place."

In Barry v. Town of New Haven, *et al.,* 162 Ky. 60, 170 N. W. 1012, the Supreme Court of Kentucky said:

"The Board of Trustees, as constituted by statute, consisted of five members; but at the time it called the election it consisted of only four members. All four members were present, however, and voted in favor of all the steps that were taken. They constituted a legal quorum, and the fact that one member had resigned in nowise affected the legality of the action taken. A majority of a quorum is sufficient unless there be some other rule established by the Constitution or the charter. Cooley's Constitutional Limitations, 7th Ed., p. 201."

For the reasons stated, the judgment should be reversed and the cause remanded with directions that further procedings be had not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.